UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

Keith Johnson
    PLAINTIFF

VS

James Keeney
    DEFENDANT

PRISONER   2004 APR -7  P 4: 54
Case No. 3:03CV0069(CFD)(WIG)
U.S. DISTRICT COURT
BRIDGEPORT, CONN

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR THE APPOINTMENT OF COUNSEL

**STATEMENT OF THE CASE**

This is a federal civil rights action brought by the Plaintiff, Keith Johnson, Pro Se, against the Defendant, Trooper James Keeney of the Connecticut State Police, pursuant to Title 42 U.S.C. § 1983. The Plaintiff claims that the Defendant violated his federal constitutional right to be free from false arrest under the Fourth and Fourteenth Amendments to the United States Constitution. The Plaintiff alleges that the Defendant filed a false and misleading affidavit in support of an arrest warrant causing him to be arrested and charged with Using a Motor Vehicle Without the Owner's Permission in violation of Connecticut General Statute § 53a-119b.[1] This motion seeks the appointment of counsel for the Plaintiff in the above case.

---

[1] A person is guilty of using a motor vehicle without the owner's permission when: (1) He operates or uses, or causes to be operated or used, any motor vehicle unless he has the consent of the owner; or (2) he obtains the consent of the owner to the use of his motor vehicle by fraud or fraudulent means, statements or representations. See Conn. Gen. Stat. § 53a-119b(a).

**ARGUMENT**

**THE COURT SHOULD APPOINT COUNSEL FOR THE PLAINTIFF**

In deciding whether to appoint counsel for an indigent litigant, the Court should consider "the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, the ability of the indigent to present his claim and the complexity of the legal issues." Abdullah v Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991)(citation omitted), cert denied, 112 S.Ct. 1995 (1992). In addition, Courts have suggested that the most important factor is whether the case appears to have merit. Cooper v A. Sargenti Co., Inc., 877 F.2d 170, 173 (2nd Cir. 1989). Each of those factors weighs in favor of appointing counsel.

**1. Factual complexity.** The Plaintiff alleges that the Defendant a State Trooper, willfully and deliberately falsified and omitted material information from an arrest warrant affidavit in order to mislead a Superior Court Judge into finding probable cause to issue a warrant for the arrest of the Plaintiff. In addition, it may be necessary present the testimony of expert witnesses on police procedures, or to cross examine expert witnesses called by the Defendant, or both. The presence of issues requiring expert testimony supports the appointment of counsel. Moore v Mabus, 976 F.2d 268, 272 (5th Cir. 1992); Jackson v County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992); Tucker v Randall, 948 F.2d 388, 392 (7th Cir. 1991).

2

2. **The Plaintiff's ability to investigate.** The Plaintiff is incarcerated in a correctional institution and has very limited ability to investigate the facts. For example, this case will require discovery concerning the identity of witnesses, the officers' reports and statements about the case, the history of the officer(s) concerning prior records of misconduct, etc. Se Tucker v Dickey, 613 F.Supp. 1124, 1133-34 (W.D.Wis. 1985) (need for discovery supported appointment of counsel).

3. **Conflicting testimony.** The Plaintiff's account of the claim is squarely in conflict with the Defendant's. The aspect of the case will be a credibility contest between the Defendant and the Plaintiff. The existence of these credibility issues supports the appointment of counsel. Gatson v Coughlin, 679 F.Supp. 270, 273 (W.D.N.Y. 1988).

4. **The ability of the indigent to present his claim.** The Plaintiff is an indigent prisoner with no legal training, a factor that supports the appointment of counsel. Whisenant v Yuam, 739 F.2d 160, 163 (4th Cir. 1984). In addition, he is confined in a unit where he has limited access to legal materials. Rayes v Johnson, 969 F.2d 700, 703-04 (8th Cir. 1992)(citing lack of ready access to a law library as a factor supporting appointment of counsel).

5. **Legal complexity.** The constitutional issues involved in this case are complex. In addition, the Plaintiff has asked

3

for a jury trial, which requires much greater legal skill than the Plaintiff has or can develop. See Abdullah, supra at 1036, (citing jury demand as a factor supporting appointment of counsel).

**6. Merit of the case.** The Plaintiff's allegations, if proved, clearly would establish a constitutional violation. The willful and deliberate falsification alleged in the complaint clearly states a Fourth and Fourteenth Amendment violation. See Franks v Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); Malley v Briggs, 475 U.S. 335, 346, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986).

**CONCLUSION**

For the foregoing reasons, the Court should grant the Plaintiff's motion and appoint counsel in this case.

Respectfully Submitted,
THE PLAINTIFF

Keith Johnson
Inmate No. 272700
MacDougall C.I.
1153 East Street South
Suffield, CT  06080

4

## CERTIFICATION

This is to certify that a copy of the foregoing motion was sent to all counsel of record this 5th day of April 2004.

Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT  06105

_____
Keith Johnson