UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KEITH JOHNSON | : | |
| | : | PRISONER |
| v. | : | Case No. 3:03CV69(CFD)(WIG) |
| | : | |
| JAMES KEENEY | : | |

## RULING AND ORDER

Plaintiff has filed a motion seeking appointment of pro bono counsel in this action pursuant to 28 U.S.C. § 1915. For the reasons set forth below, plaintiff's motion is denied without prejudice.

The Second Circuit repeatedly has cautioned the district courts against the routine appointment of counsel. See, e.g., Hendricks v. Coughlin, 114 F.3d 390, 393 (2d Cir. 1997); Cooper v. A. Sargenti Co., 877 F. 2d 170, 172 (2d Cir. 1989). The Second Circuit has made clear that before an appointment is even considered, the indigent person must demonstrate that he is unable to obtain counsel. Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986), cert. denied, 502 U.S. 996 (1991). Although plaintiff has identified many attorneys he tried to contact, he has made no attempts to obtain legal assistance in over one year.

In addition, when deciding whether to appoint counsel, the district court must "determine whether the indigent's position seems likely to be of substance." Id.; see also Machadio v. Apfel, 276 F.3d 103, 107-08 (2d Cir. 2002). In Cooper v. Sargenti, the Second Circuit cautioned the district courts against the "routine appointment of counsel" and reiterated the importance of requiring an indigent to "pass the test of likely merit." 877 F.2d at 173-74. The court explained that "even where the claim is not frivolous, counsel is often

unwarranted where the indigent's chances of success are extremely slim." Id. at 171; see also Carmona v. United States Bureau of Prisons, 234 F.3d 629, 632 (2d Cir. 2001).

Here, defendant has filed a motion for summary judgment on several grounds. One ground is that plaintiff cannot state a claim for false arrest because the underlying action did not terminate in plaintiff's favor. Defendant has provided evidence that the charge was nolled as part of a plea agreement whereby plaintiff pled guilty to other charges and cites law to support the fact that a nolle under these circumstances is not a favorable termination as required to state a claim for false arrest. In light of this evidence, the court concludes that plaintiff fails to pass the test of likely merit. Accordingly, plaintiff's motion for appointment of counsel is denied at this time. Should plaintiff survive summary judgment, the court will appoint counsel for trial.

Plaintiff also has filed a motion for extension of time to respond to defendant's motion for summary judgment. Plaintiff's motion is granted to the extent that he is directed to file his response within sixty days from the date of this order.

In conclusion, plaintiff's motion for appointment of counsel [**doc. #27**] is **DENIED** without prejudice and his motion for extension of time [**doc. #30**] is **GRANTED** to the extent that plaintiff shall file his response to the motion for summary judgment within sixty days from the date of this order.

**SO ORDERED**.

Entered this 20th day of May, 2004, at Bridgeport, Connecticut.

*/S/ William I. Garfinkel*
WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE