UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Keith Johnson | : | PRISONER |
| PLAINTIFF | : | No. 3:03CV0069(CFD)(WIG) |
| | : | |
| V | : | |
| | : | |
| James Keeney | : | |
| DEFENDANT | : | August 12, 2004 |

### MEMORANDUM OF LAW
### IN SUPPORT OF
### MOTION FOR SUMMARY JUDGMENT

This is a civil rights action brought pursuant to 42 U.S.C. § 1983 by the plaintiff, Keith Johnson, prisoner, pro se, against Connecticut State Trooper James Keeney. The plaintiff alleges that the defendant violated his rights under the Fourth Amendment to the U.S. Constitution by submitting a false and misleading arrest warrant affidavit, causing him to be arrested, without probable cause, for Taking a Motor Vehicle Without the Owner's Permission in violation of Connecticut General Statute §53a-119b. The defendant has moved for summary judgment in this matter and the plaintiff is cross-moving for summary judgment in his favor.

### STANDARD OF REVIEW
### ON SUMMARY JUDGMENT

The entry of summary judgment is required by Federal Rule of Civil Procedure 56(c) "...if the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue

as to any material fact and that the moving party is entitled to judgment as a matter of law." A factual dispute is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48, 106 S.Ct 2505, 2510, 91 L.Ed.2d 202 (1986). A "material fact" is one whose resolution will effect the ultimate determination of the case. Id. In determining whether a material issue of fact exists, the court must resolve all ambiguities and draw all inferences against the moving party. Id. at 255; <u>J.F. Feeser, Inc. v Serv-A-Portion, Inc.</u>, 909 F.2d 1524, 1531 (3rd Cir 1990), cert. denied, 499 U.S. 921, 111 S.Ct 1313, 113 L.Ed.2d 246 (1991).

Federal Rule of Civil Procedure 56 provides that "factual allegations in the pleadings of the party opposing the motion for summary judgment if supported by affidavits or other evidentiary material, should be regarded as true...." <u>Burtnicks v City of New York</u>, 716 F.2d 982, 983-84 (2d Cir. 1983); see <u>Dube v State University of New York</u>, 900 F.2d 587, 597 (2d Cir. 1990), and the evidence must be viewed in the light most favorable to the party opposing the motion. <u>Knight v United States Fire Ins. Co.</u>, 804 F.2d 9, 11 (2d Cir. 1986), cert. denied, 480 U.S. 932, 107 S.Ct 1570, 94 L.Ed.2d 762 (1987).

<b><u>ARGUMENT</u></b>

I. **THE DEFENDANT IS LIABLE TO THE PLAINTIFF FOR FALSE ARREST BECAUSE HE SUBMITTED AN ARREST WARRANT AFFIDAVIT CONTAINING MATERIAL OMISSIONS AND DEVOID OF PROBABLE CAUSE**

The standard applicable to claims of constitutional

violations based upon allegations that the defendant police officer(s) submitted false and misleading affidavits, devoid of probable cause, in support of search and arrest warrants are well settled.

The Fourth Amendment to the U.S. Constitution provides that no person may be subjected to unreasonable seizures. This protection includes the right to be free from searches unsupported by probable cause, as well as the right to be free from arrests without probable cause. Weyant v Okst, 101 F.3d 845, 852 (2d Cir. 1996).

Under the Fourth Amendment, the standard for arrest is probable cause, defined in terms of facts and circumstances sufficient to warrant a prudent man in believing that the suspect has committed, or is committing an offense; this standard like those for searches and seizures represents a necessary accommodation between the individuals right to liberty and the state's duty to control crime. Gerstein v Pugh, 420 U.S. 103. It is clearly established that the Fourth Amendment requires a truthful showing sufficient to constitute probable cause before an arrest warrant can issue. Burke v Beene, 948 F.2d 489, 494 (8th Cir. 1991). Information in an affidavit to establish probable cause must be truthful in the sense that the information put forth is "believed or appropriately accepted by the affiant as true." Franks v Delaware, 438 U.S. 154, 165, 98 S.Ct 2674, 2681, 57 L.Ed.2d 667 (1978). A police officer may be held liable under § 1983 for submitting an arrest warrant that contains false information. Malley v Briggs, 475 U.S. 335, 346, 106 S.Ct

1092, 89 L.Ed.2d 271 (1986). The plaintiff has a "long established constitutional right" to be "free from arrest...in the absence of probable cause." Ricciuti v N.Y.C. Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997). This right can be particularized as "the right to be free from arrest based on a warrant that would not have been issued if the officer seeking the warrant had disclosed to the issuing magistrate information within the officer's knowledge that negated probable cause." Brown v D'Amico, 35 F.3d 97, 99 (2d Cir. 1994). "A plaintiff can demonstrate that this right was violated where the officer...'knowingly and intentionally, or with reckless disregard for the truth, made a false statement...' or omitted material information," and where "such false or omitted information was 'necessary to the finding of probable cause.'" Soares v Connecticut, 8 F.3d 917, 920 (2d Cir. 1993)(citations omitted); see also Martinez v City of Schenectady, 115 F.3d 111,115 (2d Cir. 1997)(quoting Soares).

To decide whether probable cause exists, a judicial officer must examine the totality of the circumstances. Illinois v Gates, 462 U.S. 213, 238, 103 S.Ct 2317, 76 L.Ed.2d 527 (1983). The issuance of a warrant for the plaintiff's arrest creates a presumption that it was objectively reasonable for the defendant police officer to believe that there was probable cause to support it. Golino v City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991); cert. denied, 505 U.S. 1221, 112 S.Ct 3032, 120 L.Ed.2d 902 (1992). However, an officer can "have no reasonable grounds for believing that [a] warrant was properly issued"

4

"[i]f the magistrate or judge in issuing a warrant was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard for the truth." United States v Leon, 468 U.S. at 923, 104 S.Ct at 3421.

In the criminal context, a defendant can overcome the presumption of probable cause afforded by a warrant by demonstrating that (1) the affiant either intentionally, or with reckless disregard for the truth, made a false statement in his warrant application, and (2) the neutral magistrate would not have issued the warrant but for the false statement. Franks, supra, at 155-56. Material omissions from an affidavit are governed by the same rules as false statements. United States v Ferguson, 758 F.2d 843, 848 (2d Cir. 1984), cert. denied, 474 U.S. 1032, 106 S.Ct 592, 88 L.Ed.2d 572 (1985). "Where a defendant makes a 'substantial preliminary showing' that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by an affiant in...warrant affidavit, and if allegedly false statement is necessary to the finding of probable cause, Fourth Amendment requires that a hearing be held at the defendant's request." To mandate an evidentiary hearing the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. The allegation of deliberate falsehood or of reckless disregard must point out specifically, with supporting reasons, the portion of the warrant affidavit that is claimed to be false. It also must be accompanied by an offer

5

of proof, including affidavits or sworn or otherwise reliable statements of witnesses, or a satisfactory explanation of their absence. A § 1983 plaintiff challenging a warrant on this basis must make the same showing that is required at a suppression hearing under FRANKS: the plaintiff must show that the affiant knowingly and deliberately, or with reckless disregard for the truth, made false statements or material omissions in his application for a warrant, and that such statements or omissions were necessary to the finding of probable cause. Golino, supra, at 870-71; see Franks, supra, at 171-72.

Intentional or reckless omissions of material information, like false statements, may serve as a basis for a FRANKS challenge, see United States v Campino, 890 F.2d 588, 592 (2d Cir. 1989), cert. denied, 494 U.S. 1068, 110 S.Ct 1789, 108 L.Ed.2d 788 (1990), and recklessness may be inferred where the omitted information was critical to the probable cause determination, see Rivera v United States, 928 F.2d at 604, DeLoach v Bevers, 922 F.2d 618, 622 (10th Cir. 1990), cert. denied, -- U.S. --, 112 S.Ct 65, 116 L.Ed.2d 41 (1991); Hale v Fish, 899 F.2d 390, 400 (5th Cir. 1990); United States v Reivich, 793 F.2d 957, 961 (8th Cir. 1986). The materiality of a misrepresentation or an omission...is a mixed question of law and fact. Golino, supra, at 871. The legal component depends on whether the information is relevant to the probable cause determination under controlling substantive law. See Anderson v Liberty Lobby, Inc., 477 U.S. at 248; but the weight that a neutral magistrate would likely have given such

information is a question for the finder of fact... See <u>Golino</u>, supra, at 871-72, see also <u>TSC Industries, Inc. v Northway, Inc.</u>, 426 U.S. 438, 450, 96 S.Ct 2126, 2132-33, 48 L.Ed.2d 757 (1976).

Disputed issues are not material if, after crossing out any alleged false information and supplying any omitted facts, the "corrected affidavit" would have supported a finding of probable cause. <u>Soares</u>, supra, at 920; <u>Cartier v Lussier</u>, 955 F.2d 841, 845 (2d Cir. 1992).

In this case the plaintiff alleges that the defendant submitted an arrest warrant affidavit that contained false information, as well as material omissions that would have negated probable cause. First, the plaintiff claims that the defendant falsely stated in his affidavit that the complaining witness, Diane Johnson, indicated she wanted the plaintiff arrested during the September 6, 2000, telephone conversation. While this issue, in itself, may not be relevant to the determination of probable cause, it does have a direct bearing on the issue of the defendant's material omission. Connecticut General Statute §53a-119b provides, in pertinent part, as follows:

> **Sec. 53a-119b. Using motor vehicle or vessel without owner's permission**
> (a) A person is guilty of using a motor vehicle without the owner's permission when: (1) He operates or uses, or causes to be operated or used, any motor vehicle unless he has the consent of the owner; or (2) he obtains the consent of the owner to the use of his motor vehicle by fraud or fraudulent means statement or representations.

When the plaintiff was stopped in the vehicle in question he

7

claimed that the vehicle was his per agreement with Diane Johnson. This claim was corroborated by Diane Johnson. Based on this, the plaintiff was the owner of the vehicle and would have his own consent to use the vehicle. The defendant knew of this information yet still falsely stated that Diane Johnson wanted to press charges. The defendant's inclusion of this false statement is a violation of the plaintiff's constitutional rights.

Second, the plaintiff claims that the defendant omitted from his arrest warrant affidavit the material fact that there was an agreement between the plaintiff and Diane Johnson for the purchase of the vehicle. The defendant does not deny that he omitted this information or that he was aware that the claim was made. He instead contends that he didn't include the information because he didn't know whether such agreement existed. This contention by the defendant does not obsolve him of his liability in this case. The defendant's subjective beliefs about the matter, however induced, are irrelevant. See Anderson v Creighton, 483 U.S. 635, 107 S.Ct 3034, 3040, 97 L.Ed.2d 523 (1987). "A police officer may not close his or her eyes to the facts that would help clarify the circumstances of an arrest." BeVier v Hucal, 806 F.2d 123, 128 (7th Cir. 1986).

Not only should the defendant have included this information in his affidavit, he should never have submitted an arrest warrant affidavit in the first place as no crime was committed by the plaintiff. Therefore, the defendant is liable to the

8

the plaintiff and the State. This contention is without merit. A fair reading of the transcript of the September 20, 2002 proceeding, attached to the affidavit of Keith Johnson, shows that the plaintiff plead guilty to a number of charges in exchange for a two year prison sentence. Thereafter the State attempted to nolle the charges that remained. At this point the following colloquy occurred:

    THE COURT: Is it the intention of the state to nolle all the other charges?

    [PROSECUTING ATTORNEY]: In exchange for a plea to those matters, Your Honor, the state intends to nolle the others.

    THE COURT: Does that include the Part A case?

    [PROSECUTING ATTORNEY]: It does, with the approval of the victim's mother in that matter.

    [DEFENSE ATTORNEY]: And, Your Honor, it is my intent to also request the Court to dismiss those cases, and my understanding is that the state is not going to have an objection to that.

The above exchange illustrates that the state had the intention to nolle the charges. However, the plaintiff's attorney objected to the nolle and asked that the charges be dismissed. Connecticut General Statute § 54-56b provides as follows:

> **Sec. 54-56b. Right to dismissal or trial on nolle.**
> A nolle prosequi may not be entered as to any count in a complaint or information if the accused objects to the nolle prosequi and demands either a trial or dismissal, except with respect to prosecutions in which a nolle prosequi is entered upon a representation to the Court by the prosecuting official that a material witness has died, disappeared or become

10

>       disabled or that material evidence has disappeared or
>       has been destroyed and that a further investigation
>       is therefore necessary.

The plaintiff objected to the State's attempt to nolle the charges and instead requested a dismissal. Following the hand-down of the sentence by the Judge, the following colloquy occured:

   [PROSECUTING ATTORNEY]: The state enters nolles on the remaining counts, Your Honor.

   THE COURT: Nolles are noted on all remaining counts. Do you have any objection to their being dismissed?

   [PROSECUTING ATTORNEY]: No.

   THE COURT: Dismissals on all of the remaining counts.

The fact that the state failed to object to the dismissals goes to illustrate that a nolle was not part of any plea agreement. On the contrary, if the plaintiff had agreed to nolles, and then objected, the agreement would not have been fulfilled. The state could have withdrawn the plea had that happened. Instead of objecting and asking that all the remaining cases be set for trial, the state abandoned the prosecution and dismissed the charges. Based on the plaintiff's objection, under Connecticut law the nolles could not have entered as to any count, per Conn. Gen. Stat. §54-56b. Instead, dismissals were entered as to all remaining counts.

   Additionally, to clarify the record, the plaintiff filed a Motion to Correct Illegal Sentence upon learning that there were nolles indicated on his criminal record in relation to those cases. Said motion was granted by Kaplan, J., stating

11

that all charges be dismissed "in accordance with Judge Sullivan's order of 9/20/02..."

Therefore the plaintiff pursued the charge in this case to an unqualified dismissal and did not waive his § 1983 claim. Accordingly, summary judgment in the plaintiff's favor is appropriate.

### III. THE DEFENDANT IS NOT ENTITLED TO QUALIFIED IMMUNITY FOR HIS ACTIONS IN THIS CASE

The doctrine of qualified immunity is well established. Government officials are protected from suits against them in their individual capacity for damages where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v Fitzgerald, 457 U.S. 800, 818, 102 S.Ct 2727, 2738, 73 L.Ed.2d 396 (1982). The qualified immunity defense is intended to "strike a fair balance between (1) the need to provide a realistic avenue for vindication of constitutional guarantees, and (2) the need to protect public officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." Jemmott v Coughlin, 85 F.3d 61, 66 (2d Cir. 1996)(citations and internal quotation marks omitted); see Anderson, supra, at 638-39; Carter, supra, at 844. "[W]hether an official protected by qualified immunity may be held personally liable for an allegedly unlawful action generally turns on the objective legal reasonableness of the action assessed in light of the legal rules that were clearly established at the time it was

12

taken." Anderson, supra, at 639. See also Glass v Mayas, 984 F.2d 55, 57 (2d Cir. 1993).

A right is "clearly established" if "[t]he contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." Anderson, supra, at 640. Even if a clearly established statutory or constitutional right is violated, qualified immunity is nonetheless a defense if the officer's unlawful actions were **objectively reasonable**, "as measured by reference to clearly established law," Harlow, supra, and "the information the...officers possessed," Anderson, supra, at 641; Robison v Via, 821 F.2d 913, 921 (2d Cir. 1987)("[E]ven if the contours of the plaintiff's federal rights and the official's permissible actions were clearly delineated at the time of the acts complained of, the defendant may enjoy qualified immunity if it was objectively reasonable for him to believe that his acts did not violate those rights.") The determination whether a reasonable person in the officer's position would have known that his conduct would violate the right at issue must be made on the basis of information actually possessed by the officer at the critical time, Anderson, supra, at 641, or that was then reasonably available to him, Harlow, supra, at 815; Sevigny v Dicksey, 846 F.2d 953, 957 n. 5 (4th Cir. 1988), and in light of any exigencies of time and circumstance that reasonably may have effected the officer's perceptions. See Malley, supra, at 350. Objective inquiry into the reasonableness of an officer's perception of the critical facts leading to an arrest

13

must obviously not take into account facts not available to him at the time, Anderson, supra, at 3040 (proper inquiry is into "information possessed by the...officials.") By the same token, however, it must charge him with possession of all the information reasonably discoverable by an officer acting reasonably under the circumstances. Indeed his subjective beliefs about the matter, however induced, are actually "irrelevant" to the inquiry. Id. "A police officer may not close his or her eyes to the facts that would help clarify the circumstances of an arrest." BeVier, supra, at 128.

"An arresting officer is entitled to qualified immunity from a suit for damages on a claim for arrest without probable cause if either (a) it was objectively reasonable for the officer to believe that the probable cause existed, or (2) officers of reasonable competence could disagree on whether the probable cause test was met." Golino, supra, at 870; Myers v Morris, 810 F.2d 1437, 1455 (8th Cir.)("The issue for immunity purposes is not probable cause in fact but 'arguable' probable cause." (citations omitted)), cert. denied, 484 U.S. 828, 98 L.Ed.2d 58 (1987); Gold v City of Miami, 121 F.3d 1442, 1445 (11th Cir. 1997)(per curiam)("[A]rguable" probable cause exists when "a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question **could** have reasonably believed that probable cause existed in the light of well-established law." (citations and internal quotation marks omitted)).

The Second Circuit held that a defendant is entitled to

14

summary judgment on qualified immunity grounds when "no reasonable jury, looking at the evidence in the light most favorable to, and drawing all inferences most favorable to, the plaintiff's, could conclude that it was objectively unreasonable for the defendant[ ]" to believe that he was acting in a fashion that did not clearly violate an establish federally protected right. Robison, supra, at 921 (quoting Halperin v Kissinger, 807 F.2d 180, 189 (D.C Cir. 1986); see also Wachtler v County of Herkimer, 35 F.3d 77, 80 (2d Cir. 1994)(same). In other words, if any reasonable trier of fact could find that the defendant's actions were objectively unreasonable, then the defendant is not entitled to summary judgment on qualified immunity.

In the context of this case the plaintiff alleges that the defendant submitted an arrest warrant affidavit, devoid of probable cause, containing false information and material omissions. The laws based on these allegations are clearly established (See Argument I above), thereby satisfying the first prong of the qualified immunity standard.

Similarly, the defendant would not be entitled to qualified immunity under the "objectively reasonable" prong of the qualified immunity standard. In this case, it could not have been objectively reasonable for the defendant to seek the arrest of the plaintiff considering the information that the defendant possessed at the time he created the affidavit, and the information that was then reasonably discoverable by him, regarding the agreement the plaintiff had with Diane Johnson

15

for the purchase of the vehicle in question. This information was first given to the Vernon Police by the plaintiff upon his being pulled over in the vehicle and accused of stealing it. This information was then corroborated by Diane Johnson. Based on this the plaintiff was not arrested and was released from police custody. The defendant then telephoned the complaining witness, following the discovery of this information, to further investigate. The defendant contends he is sure whether he asked Diane Johnson about the agreement, but does acknowledge he was aware that the plaintiff had made the claim. The defendant instead contends that he did not include this information in his arrest warrant affidavit because he didn't know whether such agreement existed. This contention by the defendant must fail for two reasons. First, whether he actually asked Diane Johnson of the agreement during the telephone conversation or not is irrelevant. The fact remains that the information was reasonably discoverable and the defendant's failure to ask the question was objectively unreasonable. Second, whether the defendant believed the information or not is irrelevant to the objective reasonableness test. The defendant's subjective beliefs are irrelevant to the inquiry. Anderson, supra. The defendant's failure to ascertain this information from Diane Johnson further illustrates his reckless disregard for the truth. The fact of the matter is that this information would have negated probable cause and the defendant had a legal obligation to include the information. Additionally, the defendant himself contends, in his affidavit for Summary Judgment, ¶ 9, that had

Diane Johnson initially told him of the agreement on August 27, 2000, he would not have pursued the case as it was not a criminal matter. For the defendant to now contend that he had no obligation to disclose the information to the Judge issuing a warrant is further proof that his actions were objectively unreasonable.

In addition to his legal obligation, the defendant's employment responsibilities also set out the basis needed for him to seek an arrest warrant. State Police Administration and Operations Manual, Section 19.1.5 provides, in pertinent part, as follows:

> Sec. 19.1.5   **Obtaining An Arrest Warrant**
>
> a. **Prepare an affidavit**
> Establish in a sworn affidavit, facts and circumstances which are sufficient to establish probable cause to believe that the person named committed a crime.
>
> b. **Establish probable cause**
> The affiant must relate a true and detailed account, including any hearsay evidence, that will convince a judge that the suspect has committed or is committing an offense.
> (1) Establishing probable cause consists of:
>
> > (a) Establishing all facts and circumstances which are known to a trooper at the time of his actions;
> >
> > (b) In a clear chronological order;
> >
> > (c) With an explanation of why the trooper considers the information to be reliable
>
> (2) It is not necessary that a trooper has personal knowledge of all facts and circumstances.

So not only does the law require that the defendant make a truthful showing, but his employment policy requires it as well,

17

as shown by (b)(1)(a) above. Therefore his deliberate omission of the very pertinent fact that he possessed the knowledge of the purchase agreement, which negated probable cause, and in fact showed that the plaintiff hadn't committed a crime at all, was not objectively reasonable.

Finally, the defendant's claim that reasonably competent officers in his position would disagree on whether his actions were lawful is without merit. In this case it is quite clear that this is not the case as five independent officers, who possessed the same information, all came to the same conclusion, that the plaintiff should not be arrested. When the plaintiff was stopped on August 31, 2000, the incident involved officers from both the Vernon Police Department and the Connecticut State Police. All five of the officers concurred, after learning of the agreement between the plaintiff and Diane Johnson, that the plaintiff was not to be charged and released him. Therefore, it is clear that reasonably competent officers could not, and in this case, did not disagree as to the action that was appropriate. Accordingly, the defendant would not be entitled to summary judgment on qualified immunity grounds.

## CONCLUSION

Based on the above arguments, the plaintiff asks this Court to deny the defendant's Motion for Summary Judgment, and issue summary judgment in favor of the plaintiff.

Respectfully Submitted
THE PLAINTIFF

Keith E. Johnson

Inmate No. 272700
MacDougall C.I.
1153 East Street South
Suffield, CT  06080
Tel. (860)627-2100

**CERTIFICATION**

This is to certify that a copy of the foregoing motion was sent this 12th day of August, 2004, to:

Stephen R. Sarnoski
Assistant Attorney General
MacKenzie Hall
110 Sherman Street
Hartford, CT  06105

Keith E. Johnson