United States District Court
District of Connecticut
FILED AT    BRIDGEPORT

8/17 20 04
Kevin F. Rowe, Clerk

By Maria Corietto
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Keith Johnson | : | PRISONER |
| Plaintiff | : | No. 3:03CV0069(CFD)(WIG) |
| | : | |
| V | : | |
| | : | |
| James Keeney | : | |
| Defendant | : | |

## AFFIDAVIT OF DIANE JOHNSON

I, Diane Johnson, being of sound mind and legal age, and having been duly sworn, do hereby depose and say:

1. Towards the end of July, 2000, I made an agreement with my son, Keith Johnson, for him to purchase my vehicle, a 1993 white Ford Taurus, with Connecticut registration DSGAY. The agreement between Keith and I was for him to give me weekly payments from his job at Stop $ Shop in Vernon until the balance of $3000 was paid.

2. On the day of the transaction between Keith and I, I purchased an older model Oldsmobile Cutlass Siera from my daughter's boss Greg. Keith and I them went to the Department of Motor Vehicle in Willimantic and I transferred the registration from the Taurus to the Oldsmobile. New registration plates were issued for Keith's car.

3. On August 26, 2000, I received a call from Keith indicating that he had been arrested for possession of marijuanna in Litchfield and wanted me to post his $500 bail. I told Keith that I would only agree to bail him out if he would agree to stop hanging out with his addict friends and get his life

1 of 5

together. Prior to this conversation I had not seen or heard from Keith in a week.

4. On August 27, 2000, at 6:30 p.m., Keith and I were having an argument because he wanted to leave and go see his friends. He was on his way out of the house and I told him he could not take the Taurus. He yelled back at me that it was his car and he was leaving. I told him if he took the car I would call the police and report it stolen. Keith got in the car and drove away. I was worried that Keith was again going to not return with the car and not make any further payments so I called the police to seek their assistance in finding the car.

5. At approximately 9 p.m. that evening Trooper James Kenney arrived at my home in response to my complaint. I told him I would like the assistance of the police in retrieving the car. Trooper Keeney told me he would not attempt to locate the car unless I agreed to press charges against Keith and have him arrested. I wanted to get the car back and felt I had the right to the help of the police. I finally agreed to press charges if that was the only way the police would help me. At that time I did not inform Trooper Keeney of the agreement between Keith and I for the purchase of the vehicle because it did not cross my mind.

6. On August 31, 2000, at approximately 2:45 a.m., I received a call at my home from the police indicating that Keith had been stopped in the vehicle and I was asked to come to the scene. My daughter, Robin Johnson, and I went to the corner

of Reseyoir Road and Mile Hill Road in Vernon where there was four police cars with Keith in the back seat of one of them. One of the Vernon Police Officers told me that they were waiting for a Tolland State Police Trooper to arrive.

7. A Trooper finally arrived and spent several minutes speaking with the Vernon Police Officers. The Trooper came and spoke with me and identified himself as Trooper Manning. He explained to me that Keith had given a story to the Vernon officers about him owning the car and the agreement that was made between him and I. I told Trooper Manning that Keith was telling the truth regarding the agreement but that he had recently lost his jobs and had missed a payment. I told Trooper Manning that I would like to have the car returned to me.

8. Trooper Manning again went to speak with the Vernon officers and spoke to my son in the back of the police car. He returned to speak with me and told me that he and the Vernon Officers felt that this was a misunderstanding and that they did not feel they should arrest Keith if I was okay with it. I told Trooper Manning that I would be happy to have my car back and would not press charges. My son was released from the police car, retrieved some items and a puppy he had from the car and gave the keys to the police. I drove home and my daughter drove the other car.

9. On September 6, 2000, while at my home, I received a very disturbing telephone call from Trooper Keeney. He seemed very agitated and was yelling at me about not pressing charges against Keith. I told him that four Vernon Police Officers

and Trooper Manning agreed that no charges should be brought so I would respect their decision and wouldn't press charges. Trooper Keeney called me a liar. He threatened that he would arrest me if I did not agree to press charges against Keith. I told him if five other officers did not feel charges should be brought then neither would I. Trooper Keeney continued to try to bully me into pressing charges against Keith. When I continued to refuse he said he would have to take some kind of action. I told him to do what he felt he needed to but that I would not be a part of it.

10. On September 25, 2000, I received a telephone call from Keith indicating that he had been arrested for taking the car. I contacted his public defender, Leslie Cunningham and told her of the situation.

11. At no time in the past have I filed charges against Keith and later had them drooped. In April of 1998, I pressed charges against Keith for taking my car without my permission and Keith was convicted and given 15 months probation. In March of 1999, I pressed charges against Keith again for taking my car and he was convicted and given 1 year in jail. Also in March of 1999, I pressed charges against Keith for burglary of my home and he was convicted and given 15 months in jail. These are the only incidents were I have had my son arrested and he was convicted each time.

12. I have read the foregoing affidavit consisting of 5 pages. It is true and accurate to the best of my knowledge.

_____
Affiant

Subscribed and sworn before me this 2ND day of June, 2004.

_____
Notary Public

**GERLINDE A. ORFITELLI**
*NOTARY PUBLIC*
MY COMMISSION EXPIRES SEP. 30, 2004