UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

---

| | | |
|---|---|---|
| Keith Johnson | : | PRISONER |
| PLAINTIFF | : | No. 3:03CV-0069(CFD)(WIG) |
| | : | |
| V | : | |
| | : | |
| James Keeney, is sued in his individual capacity. | : | SECOND AMENDED COMPLAINT |
| DEFENDANT | : | |

---

### Preliminary Statement

This is a Civil Rights Complaint filed by Keith Johnson, plaintiff, pro se, a state prisoner incarcerated at MacDougall Correctional Institution in Suffield, Connecticut against James Keeney, a Connecticut State Trooper. In this complaint the plaintiff alleges that the defendant filed a false and misleading arrest warrant affidavit in violation of the plaintiff's rights under the Fourth Amendment to the United States Constitution. The complaint alleges that the actions of the defendant caused the plaintiff to be wrongfully arrested and incarcerated in violation of his constitutional rights under the Fourth Amendment. This is a complaint for damages under 42 U.S.C. § 1983.

## JURISDICTION

The Court has jurisdiction over the Plaintiff's claim for violation of Federal Constitutional Rights under 42 U.S.C. § 1983.

## PARTIES

1. Keith Johnson is a citizen of Connecticut who presently resides at MacDougall Correctional Institution, 1153 East Street South, Suffield. Plaintiff's inmate number is 272700.

2. Defendant James Keeney is a citizen of Connecticut whose address is unknown to the Plaintiff. He is employed as a Trooper First Class with the Troop C Barracks of the Connecticut State Police. He is sued in his individual capacity.

## FACTS OF COMPLAINT

3. On August 27, 2000, at approximately 6:30 p.m. Diane Johnson of 16 Metcalf Road in Tolland called the State Police and made a complaint that her son Keith, the Plaintiff in this matter, had taken her vehicle without her permission.

4. At approximately 9:30 p.m. Defendant Keeney was dispatched by Troop C in Tolland to Diane Johnson's home to investigate her complaint.

5. Defendant Keeney took Diane Johnson's statement in which

she stated, "at about 6:30 pm this evening, I told my son, Keith E. Johnson...that he did not have my permission to drive my car. He then took my car and drove away and I told him I was calling the police. He has been driving the car to go to work but he just lost his two jobs. I wish to press charges against my son because he took my car without my permission..." (See Exhibit 1)

6. On August 27, 2000, at 10:49 p.m. Defendant Keeney sent a teletype message attempting to locate the vehicle and the Plaintiff.

7. On August 31, 2000, at 2:31 a.m. the Plaintiff was stopped by Vernon Police and detained at the scene for questioning.

8. Plaintiff was told by the Vernon Police officer that the car he was driving had been reported stolen by the State Police.

9. Plaintiff explained to the officer that the car was not stolen and that it belonged to him. He told the officer of a verbal agreement that he had made with his mother for the purchase of the vehicle and that the only reason it was in Diane Johnson's name was for insurance purposes.

10. The Vernon Police officer contacted Troop C who dispatched Trooper Neil Manning to the scene.

11. Diane Johnson was also called and asked to come to the scene to obtain possession of the vehicle.

12. When Diane Johnson arrived with her daughter, Robin Johnson, Trooper Manning told her of the explanation that the Plaintiff had given as to why he had the car.

13. Diane Johnson told Trooper Manning that the Plaintiff was telling the truth but that she wanted the car back as the Plaintiff had not finished making his payments for the car and he no longer had employment.

14. Trooper Manning spoke with the Vernon Police officers and all agreed that charges should not be brought against the Plaintiff.

15. Diane Johnson told Trooper Manning that she just wanted the car back and did not want to press charges against the Plaintiff.

16. Plaintiff was released from custody and driven to a local friends house by the Vernon Police officer.

17. On August 31, 2000, an officer initiated complaint was completed by Vernon Police officer Nick Mielauskas.

18. In the complaint officer Mielauskas stated, "while on routine patrol I stopped the above vehicle driven by Johnson. The vehicle was listed as having been taken w/o the owner's permission by Troop C. I detained Johnson until Trooper Manning arrived at the scene. The owner of the vehicle also arrived and took possession of the vehicle. Trp. Manning released Johnson after speaking to the vehicle's owner." (See Exhibit 2)

19. On September 6, 2000, while at her home Diane Johnson received a telephone call from Defendant Keeney.

20. On the phone Defendant Keeney harassed and berated Diane Johnson for not pressing charges against the Plaintiff. He further told Diane Johnson that he could and would arrest

her if she did not agree to go forward with the charges against the Plaintiff.

21. Diane Johnson told Defendant Keeney that he could arrest her if he wanted to but she was happy that she got her car back and she would not agree to press charges against the Plaintiff. (See Exhibit 3)

22. On September 7, 2000, Defendant Keeney, being duly sworn, typed and signed an arrest warrant affidavit seeking an arrest warrant for the Plaintiff.

23. In said affidavit Defendant Keeney stated, "that on 08/31/00 Vernon Police stopped the accused in the victim's vehicle and subsequently recovered the vehicle but did not place him into custody."

24. Defendant Keeney further stated that "on 09/06/00 the affiant spoke to the victim who stated that she did get her vehicle back and wished to press charges against the accused." (See Exhibit 4)

25. On September 8, 2000, the arrest warrant application was submitted to the Assistant State's Attorney for the Judicial District of Tolland County and signed.

26. On September 15, 2000, the arrest warrant application was submitted and signed by a Superior Court Judge for Tolland County and an arrest warrant was issued for the Plaintiff.

27. On September 25, 2000, the Plaintiff was stopped while riding his bicycle down Route 30 in Vernon, Connecticut by Sgt. Brian Kennedy and Trooper Cliff Labbe and was placed under arrest on the outstanding warrant.

28. The Plaintiff was taken to Troop C in Tolland and processed. The Plaintiff was charged with Taking a Vehicle Without Owner's Permission.

29. Sgt. Kennedy set the Plaintiff's bail at $10,000.00 cash until the Plaintiff's arraignment the next morning.

30. On September 26, 2000, the Plaintiff was arraigned in Rockville Superior Court and bound over for trial. A jury trial was demanded.

31. On September 20, 2002, the charges against the Plaintiff for Taking a Vehicle Without Owner's Permission were dismissed by the Tolland County State's Attorney's Office.

## CLAIMS FOR RELIEF

32. The actions of Defendant Keeney caused the Plaintiff to be wrongfully arrested and incarcerated in violation of his Fourth Amendment rights under the Constitution of the United States of America.

33. The Defendant willfully and purposely falsified an affidaivt in support of an arrest warrant by intentionally including false information and failing to include known material information that would show the Plaintiff's innocence, in order to expedite the wrongful arrest and incarceration of the Plaintiff in violation of his Fourth Amendment Right under the Constitution of the United States of America.

## RELIEF REQUESTED

A.  Plaintiff requests that the Court issue a Declaratory Judgment stating that:

    1.  The actions of the Defendant violated the Plaintiff's Fourth Amendment rights under the U.S. Constitution.

B.  The Plaintiff requests Compensatory Damages in the amount of **One Million Seven Hundred Twenty Six Thousand Dollars** ($1,726,000.00) for the deliberate violation of the Plaintiff's Constitutional rights.

C.  The Plaintiff requests Punitive Damages in the amount of **Five Million Dollars** ($5,000,000.00).

 

Respectfully Submitted
THE PLAINTIFF

*Keith E. Johnson* (signature)

Keith E. Johnson

Inmate No. 272700
MacDougall C.I.
1153 East Street South
Suffield, CT  06080

**EXHIBIT 1**

H-873-7654
W-610-2651 (DAY)

DPS-633-C Rev 7/94

**STATE OF CONNECTICUT**
**DEPARTMENT OF PUBLIC SAFETY**
**DIVISION OF STATE POLICE**

Case Number: C00-240358
Date: 08-27-00
Time Started: 2128 hrs
Time Ended: 2139 hrs
LOC: CRUISER

WITNESS STATEMENT OF _____

I, Diane G. Johnson, date of birth 8/5/46
of 16 Metcalf Rd, town/city of Tolland

make the following statement, without fear, threat, or promise. I have been advised that any statement(s) made herein which I do not believe to be true, and which statement is intended to mislead a public servant in the performance of his/her official function, is a crime under C.G.S. section 53a-157.

At about 6:30 pm this evening, I told my son, Keith E. Johnson DOB: 01/31/81, that he did not have my permission to drive my car. He then took my car and drove away and I told him I was calling the police. He has been driving the car to go to work but he just lost his two jobs. I wish to press charges against my son because he took my car without my permission. My car is a 1993 Ford Taurus 4 door, white with CT Registration # PLL 140 or PLL 170. My son has done this before including breaking into my house and he spent 15 months in jail and recently got out.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of knowledge and belief.

Witness: TFC. J. Keeney #713    Signature: Diane Johnson
Witness: _____                  Signature: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.

If notarized, endorse here: _____

**EXHIBIT 2**

## VERNON POLICE DEPARTMENT

☐ Phone  ☐ Walk-In  ☒ Officer Initiated Complaint  ☐ Other

**COMPLAINT CODE:** 8500/05
**COMPLAINT NUMBER:** 0014955

**NOTIFICATIONS:**
- MANCHESTER PD
- SOUTH WINDSOR PD
- TROOP ___ CSP
- TN TOLLAND
- VERNON AMBULANCE
- ROCKVILLE HOSPITAL
- MEDICAL EXAMINER
- VER. WRECKER ASSOC.
- OWN. REQ. WRECKER
- CAMERA
- DETECTIVE DIVISION
- PUBLIC WORKS
- STATE HIGHWAY
- OTHER

**NATURE OF COMPLAINT:** MV Stop
**LOCATION:** Reservoir Rd.
**COMPLAINANT:** Mielauskas, O.
**ADDRESS:** 
**PHONE:** 
**DATA TRACT:** 1/4
**OFFICER ASSIGNED:** 92 Y. Miller
**BACKUP:** 203, 205
**DISPATCHER:** 126
**SUPERVISOR:** MH
**DATE:** 8/31/0
**FINAL CLASS:**

AUG 31 '00 02:31:01
AUG 31 '00 02:31:02
AUG 31 '00 02:31:03
AUG 31 '00 03:17:35

**Vehicle Involved: Year/Make/Style/License #:** CT 470PLL

**Remarks/Disposition/Description:**

While on routine patrol I stopped the above vehicle driven by Johnson. The vehicle was listed as having been taken w/o the owners permission by Troop C. Trooper I detained Johnson until Trooper Manning arrived at the scene. The owner of the vehicle also arrived and took possession of the vehicle. Trp. Manning released Johnson after speaking to the vehicle's owner.

**Person Involved:** Johnson, Keith
**Sex:** M
**Dob/Age:** 1-31-81
**Home Address:** 16 Metcalf Rd. Tolland, Ct.

**EXHIBIT 3**

# STATEMENT OF DIANE G. JOHNSON

I, Diane G. Johnson, born August 5, 1946 do live at 16 Metcalf Road, Tolland, Connecticut and hereby make the following statement:

Near the end of July 2000, my son, Keith E. Johnson, and I made a verbal agreement for him to purchase my 1993 Ford Taurus. The agreement called for Keith to pay me a total of $3,000 for my Taurus by the payment of weekly payments from his paycheck until the balance was paid in full. Shortly after the agreement was made Keith and I went to the Motor Vehicle Department and had the registration on the Taurus changed. I kept the Taurus in my name for insurance purposes. New license plates were issued for the Taurus with the number 470 PLL.

On August 27, 2000, Keith and I had an argument at my home and he told me that he was leaving. I told him that he could not take the Taurus but he left anyway. Keith had been making payments on the car but had a sizable balance left of the $3,000. I was worried that Keith was going to leave with the car and not make any further payments so I called the police and told them that my son left in my car without my permission.

Later that evening, a State Trooper arrived at my home to investigate my complaint. The officer's name was Kenney. I told Trooper Keeney that my son did not have my permission to take my vehicle and I would like police help in retrieving it. Trooper Keeney told me that he would not attempt to find the car unless I agreed to file charges against Keith. I felt that I had the right to receive help from the police in this matter and I agreed to file charges against Keith. Trooper Keeney filled out a statement and I signed it. (copy attached.)

On August 31, 2000, at approximately 2:45 a.m., I received a telephone call at my home from the police telling me that Keith was stopped in the car and I was asked to come to the scene to pick my car up. My daughter Robin and I drove to the corner of Reservoir Road and Mile Hill Road in Vernon. When we got there I saw several Vernon Police cars with Keith in the back of one. The Vernon Police Officer told me that they were waiting for a Tolland Trooper to arrive. Trooper Manning from the Tolland Barracks did arrive and spoke with the Vernon Police. Trooper Manning spoke with me and said that Keith told the Vernon officers of the agreement we had and I told Trooper Manning that Keith was correct. After speaking to the Vernon Police, Trooper Manning spoke to me again and said that the police felt that this was a misunderstanding and they did not feel that they should arrest Keith if it was all right with me. I told them that I was happy to have my car back and I would not press charges. I was given my keys back and told that Keith would be given a ride to a friend's house in Vernon by one of the Vernon police officers.

On September 6, 2000, I received a very disturbing telephone call from Trooper Kenney. He was extremely rude to me by yelling at me and berating me for not pressing charges against Keith. He accused me of refusing to press charges. I told him the police agreed that no charges should be pressed so I didn't press charges and he told me I was lying. He told me if I did not press charges against Keith I could be arrested. I told him if five police officers did not want to press charges then neither would I. He was irate and tried to bully me into pressing charges. I continued to refuse and he said he would do something then. I told him to do what he had to but leave me out of it.

Initialed

STATEMENT OF DIANE G. JOHNSON
Page 2 of 2

On September 25, 2000, I received a telephone call from Keith saying that he had just been arrested for taking my car and that he was at Hartford Community Correctional Center. When I found out who Keith's public defender was, Leslie Cunningham, I called her and told her that the police arrested Keith even though the police and I had agreed that no charges would be pressed. She told me not to worry, that she would do what she could. It was two years later, on September 20, 2002, when the State's Attorney dismissed the charges against Keith.

By affixing my signature to this statement I acknowledge that I have read it and it is true to the best of my knowledge and belief.

_January 9, 2003_
Date

_Diane G. Johnson_
Diane G. Johnson

Subscribed and sworn before me this 9th day of January in the year 2003.

_1-9-03_
Date

_Gerlinde A. Orfitelli_
Notary Public

GERLINDE A. ORFITELLI
NOTARY PUBLIC
MY COMMISSION EXPIRES SEP. 30, 2004

H-875-7654
W-610-2651 (DAY)

DPS-633-C Rev. 7/94

**STATE OF CONNECTICUT**
**DEPARTMENT OF PUBLIC SAFETY**
**DIVISION OF STATE POLICE**

Case Number: C00-24035
Date: 08-27-00
Time Started: 2128 hrs
Time Ended: 2139 hrs
LOC: CRUISER

**WITNESS STATEMENT OF**

I, Diane G. Johnson, date of birth 8/5/46
of 16 Metcalf Rd, town/city of Tolland

make the following statement, without fear, threat, or promise. I have been advised that any statement(s) made herein which I do not believe be true, and which statement is intended to mislead a public servant in the performance of his/her official function, is a crime under C.G. section 53a-157.

At about 6:30 pm this evening, I told my son, Keith E. Johnson DOB: 01/31/81, that he did not have my permis to drive my car. He then took my car and drove awa and I told him I was calling the police. He has been driving the car to go to work but he just lost his tw jobs. I wish to press charges against my son becau he took my car without my permission. My car is a 1993 Ford Taurus 4 door, white with CT Registrati # PLL 140 or PLL 170. My son has done this before including breaking into my house and he spe 15 months in jail and recently got out.

By affixing my signature to this statement, I acknowledge that I have read it and/or have had it read to me and it is true to the best of my knowledge and belief.

Witness: TFC. J. Keeney #713    Signature: Diane Johnson

Witness: _____    Signature: _____

Personally appeared the signer of the foregoing statement and made oath before me to the truth of the matters contained therein.
If notarized, endorse here:

**EXHIBIT 4**

| ARREST WARRANT APPLICATION<br>JD-CR-64  Rev. 5-89<br>PR. BK. 593, 593a, 594<br>GEN. STAT. 54-2a | STATE OF CONNECTICUT<br>SUPERIOR COURT | C00-240358<br>Page 1 |
|---|---|---|
| **NAME AND RESIDENCE (Town) OF ACCUSED**<br>KEITH E. JOHNSON (01/31/81) OF TOLLAND, CT | **COURT TO BE HELD AT (Town)**<br>ROCKVILLE | G.A. No.<br>19 |

### APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the . . .

[X] affidavit below . . .    [ ] affidavit(s) attached

| DATE & SIGNATURE | DATE 9/8/00 | SIGNED (Prosecutorial Official) |
|---|---|---|

### AFFIDAVIT                                                                          Page 1 of 2

The undersigned, being duly sworn, deposes and says:

That, the affiant Tfc. James Keeney has been and is currently a sworn member of the Connecticut State Police Department since June 1990. That the affiant is assigned to Troop C patrol and the affiant has personal knowledge of the facts and circumstances of this investigation and/or knowledge of facts related to him from law enforcement officers acting in their official capacity.

That, on 08/27/00, the affiant was assigned to a complaint of a vehicle taken without permission at the Johnson residence located at 16 Metcalf Road in Tolland. The complainant, Diane M. Johnson dob: 08/05/46, gave a written statement and stated that she told her son at approximately 6:30 pm this evening that he could not drive her vehicle and that he then took the car and drove away. That her son, Keith E. Johnson dob: 01/31/81, has been driving her car to work but just lost his two jobs. She stated that her vehicle is a 1993 Ford Taurus four door sedan, white, vin# 1FALP5242PA185863, with a new registration plate that she recently re-registered. That her son Keith has done this before and has broken into her house and taken her property.

That, a criminal history check of the accused showed a positive criminal history including one arrest for the same crime.

That, on 08/31/00 Vernon Police stopped the accused in the victim's vehicle and subsequently recovered the vehicle but did not place him into custody. On 09/06/00 the affiant spoke to the victim who stated that she did get her vehicle back from the Vernon Police and wished to press charges against the accused.

| DATE & SIGNATURE<br>JURAT | DATE September 7, 2000<br>SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 09-07-00 | SIGNED (Affiant) TFC. James Keeney<br>SIGNED (Judge/Clerk, Comm./Sup. Ct., Notary Pub.) |
|---|---|---|

### FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE 9-15-2000 | SIGNED (A Judge of the Superior Court) |
|---|---|---|

**ARREST WARRANT APPLICATION**
JD-CR-64  Rev. 5-89
PR. BK.593, 593a, 594
GEN. STAT. 54-2a

**STATE OF CONNECTICUT**
SUPERIOR COURT

C00-240358
Page 2

| NAME AND RESIDENCE (Town) OF ACCUSED | COURT TO BE HELD AT (Town) | G.A. No. |
|---|---|---|
| KEITH E. JOHNSON (01/31/81) OF TOLLAND, CT | ROCKVILLE | 19 |

**APPLICATION FOR ARREST WARRANT**

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the . . .

[X] affidavit below . . .   [ ] affidavit(s) attached

| DATE & SIGNATURE | DATE | SIGNED (Prosecutorial Official) |
|---|---|---|
| | | |

**AFFIDAVIT**

The undersigned, being duly sworn, deposes and says:

Page 2 of 2

That, based upon the affiants experience the affiant believes he has established substantial facts and circumstances as stated above and the affiant respectfully requests an arrest warrant be issued for the accused, KEITH E. JOHNSON DOB: 01/31/81 of 16 METCALF ROAD TOLLAND, CONNECTICUT.

That, this arrest warrant affidavit has not been presented to any other court.

| DATE & SIGNATURE | DATE | SIGNED (Affiant) |
|---|---|---|
| | September 7, 2000 | TFC. James Keeney |
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON (Date) 09-07-00 | SIGNED (Judge, Clerk, Comm. Sup. Ct., Notary Pub.) |

**FINDING**

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE & SIGNATURE | DATE | SIGNED (A Judge of the Superior Court) |
|---|---|---|
| | | |